IN RE M.D.

[Cite as In re M.D. (1988), 38 Ohio St. 3d 149.]

(No. 87-640—Submitted May 10, 1988—Decided August 10, 1988.)

150

*John T. Corrigan,* prosecuting attorney, and *Kenneth J. Lusnia,* for appellee.

*Mark N. Miller,* for appellant.

HOLMES, J. This case presents an issue involving the prosecution of juveniles under the age of thirteen as delinquents for conduct, characterized as "playing doctor," allegedly constituting felony sex crimes. We hold that to bring such charges in juvenile court, under the instant circumstances, is contrary to R.C. Chapter 2151 and Juv. R. 9(A), violates the intake policy of the Cuyahoga County Juvenile Court, and public policy in general, and thus constitutes a denial of due process of law. We must, therefore, reverse the judgment of the court of appeals and vacate the adjudication of delinquency in this case.

As a threshold matter, we must consider the doctrine of waiver, relied on by the court of appeals in affirming the trial court. In *State* v. *Awan* (1986), 22 Ohio St. 3d 120, 22 OBR 199, 489 N.E. 2d 277, this court held in the syllabus:

"Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore *need not* be heard for the first time on appeal." (Emphasis added.)

We find the court of appeals erred in relying on this doctrine in the instant case. Appellant, in her motion to dismiss the complaint against her in the trial court, argued that her prosecution for complicity to rape was repugnant to R.C. 2151.01, Juv. R. 9(A), and local intake policy as to juvenile sex offenses, all of which, she argued, "implicates not only rights under the Constitution but also the psychological and social well-being of young children." We grant that the constitutional challenge was here made in general terms. However, the due process considerations of appellant's arguments are apparent, and sufficient to avoid the waiver issue.

Furthermore, we note that the waiver doctrine announced in *Awan* is discretionary. In the criminal context, Crim. R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." See, also, Evid. R. 103(D). Thus, even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it. See, *e.g.*, *State* v. *Zuern* (1987), 32 Ohio St. 3d 56, 63, 512 N.E. 2d 585, 592.

In considering appellant's constitutional challenge herein, we are somewhat hampered, as was the court of appeals, by appellant's failure to provide a transcript of the proceedings below. We must, therefore, presume the validity of the proceedings in juvenile court. We are not, however, required to affirm on this basis alone, as appellant challenges only the discretion initially exercised by the prosecutor in bringing the instant charges. Cf.

*Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 199, 15 O.O. 3d 218, 220, 400 N.E. 2d 384, 385-386. Such a challenge may be decided on the documents and exhibits found in the record certified to this court, in addition to the findings of the juvenile court below. Our review leads to the inescapable conclusion that the conduct of appellant and the other children involved herein did not constitute a sexual assault or complicity thereto, as proscribed by R.C. 2907.02 and 2923.03, but rather could more accurately be characterized as childhood curiosity and exploration.

The events giving rise to the instant charges did not meet each element of the offense of complicity to rape. R.C. 2923.03 provides, in pertinent part:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"* * *

"(4) Cause an innocent or irresponsible person to commit the offense.

"* * *

"(C) *No person shall be convicted of complicity under this section unless an offense is actually committed,* but a person may be convicted of complicity in an attempt to commit an offense in violation of section 2923.02 of the Revised Code." (Emphasis added.)

It is axiomatic, as reflected in subsection (C) of this statute, that an offense must actually be committed before a person may be convicted as an accomplice. Here, the underlying offense of rape did not occur. We emphasize, first, that all sections of the Revised Code defining offenses must be liberally construed in favor of the accused. R.C. 2901.04.[2] The offense of

---

[2] R.C. 2901.04(A) provides:

"Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

rape is generally defined in R.C. 2907.02 as follows:

"(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when either of the following apply:

"* * *

"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of such person."

The key term in this section is "sexual conduct," which is specifically defined in R.C. 2907.01(A):

"(A) 'Sexual conduct' means vaginal intercourse between a male and female, and anal intercourse, fellatio, and cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

Fellatio is the only proscribed act which resembles what occurred herein. Although fellatio is not defined in the Revised Code, our construction of that term according to common usage[3] is guided by its dictionary definition, i.e., "the practice of obtaining sexual satisfaction by oral stimulation of the penis." Webster's Third New International Dictionary (1986), at 836. In addition, other jurisdictions that have considered the term have defined fellatio to encompass elements of either stimulation or sexual satisfaction, or both. See, e.g., State v. Gonzales (1985), 219 Neb. 846, 366 N.W. 2d 775; Thomas v. State (1984), 301 Md. 294, 483 A. 2d 6; Perkins v. North Carolina (D. N.C. 1964), 234 F. Supp. 333. Finally, we note that mere penetration of the oral cavity is not sufficient to complete the offense, unlike vaginal or anal intercourse. Here, the record demonstrates neither an element of sexual satisfaction nor of oral stimulation. We seriously doubt whether either element is physiologically or emotionally possible in a child of the tender age of five, and the record presented to us does not suggest otherwise. Furthermore, it is a well-established presumption that an infant under the age of fourteen is incapable of committing the crime of rape, rebuttable only upon proof that such child has reached the age of puberty. Williams v. State (1846), 14 Ohio 222, at syllabus; Hiltabiddle v. State (1878), 35 Ohio St. 52. Fellatio did not occur here, thus no rape was committed to which appellant could be an accessory.

Adjudicating a child as "delinquent" under circumstances where, as here, the child has neither committed a crime nor violated a lawful order of the juvenile court is obviously contrary to R.C. Chapter 2151.[4] Even assuming, however, given the paucity of the record before us, that the conduct here technically involved a "rape" as that term is statutorily defined, we hold that prosecution of M.D. under these

---

[3] R.C. 1.42 provides:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

[4] R.C. 2151.02 provides:
"As used in sections 2151.01 to 2151.54, inclusive, of the Revised Code, 'delinquent child' includes any child:

"(A) Who violates any law of this state, the United States, or any ordinance or regulation of a political subdivision of the state, which would be a crime if committed by an adult, except as provided in section 2151.021 of the Revised Code;

"(B) Who violates any lawful order of the court made under this chapter."

circumstances violates the underlying public policy of this state as expressed in R.C. Chapter 2151 and the Rules of Juvenile Procedure. R.C. 2151.01 provides, in pertinent part:

"The sections in Chapter 2151. of the Revised Code, with the exception of those sections providing for the criminal prosecution of adults, shall be liberally interpreted and construed so as to effectuate the following purposes:

"(A) To provide for the care, protection, and mental and physical development of children subject to Chapter 2151. of the Revised Code;

"(B) To protect the public interest in removing the consequences of criminal behavior and the taint of criminality from children committing delinquent acts and to substitute therefor a program of supervision, care, and rehabilitation; * * *."

The best interests of the child and the welfare and protection of the community are paramount considerations in every juvenile proceeding in this state. This is further emphasized in the Rules of Juvenile Procedure.[5] These goals are effectuated at every step in the juvenile court system, but are most effectively met at the initial intake of the juvenile by the juvenile court. The overriding rule upon intake of a child is that formal court action should be a last resort to resolving juvenile problems. Juv. R. 9 provides:

"(A) Court action to be avoided.

"In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court.

"(B) Screening; referral.

"Information that a child is within the court's jurisdiction may be informally screened prior to the filing of a complaint to determine whether the filing of a complaint is in the best interest of the child and the public."

That rule is reflected in the intake policy of the Cuyahoga County Juvenile Court as it relates to allegations of statutory rape, R.C. 2907.02, between children who are under thirteen years of age:

"Rape—Complaint shall be taken and set before a JUDGE unless subject is under age 13 years, in which case matter may be diverted."

A memorandum from the legal department of the Cuyahoga County Juvenile Court attached to the record in this case further emphasizes this policy:

"In situations where there is an allegation of sexual conduct involving no force and both the alleged offender and the victim are under 13 years of age, charges are not to be taken under the above statute. As an alternative, the intake mediator may consider unruly charges on one or both children."

The prosecution of M.D. under the facts as found by the trial court below constitutes a significant variance from this specific, local intake policy, and fails to conform to the general policies of R.C. Chapter 2151. Nothing in the record or in the arguments of the prosecutor persuades us that the "best in-

---

[5] Juv. R. 1(B) provides, in part:

"These rules shall be liberally interpreted and construed so as to effectuate the following purposes:

"* * *

"(3) to provide for the care, protection, and mental and physical development of children subject to the jurisdiction of the juvenile court, and to protect the welfare of the community; and

"(4) to protect the public interest by treating children as persons in need of supervision, care and rehabilitation."

terest of the child and the public" were served by the filing of the instant complaint. Quite to the contrary, legal counsel for the family of the alleged five-year-old "rapist" petitioned the juvenile court judge prior to trial to dismiss this action, as "the trauma which the impending trial is causing and could cause the family is far more serious than the alleged acts, which * * * [the family] truly believe[s] [were] just kids playing doctor."

Nor was the "care, protection, and mental and physical development of children" provided for herein. The report (appended to appellant's brief below) of a mental health counselor who was assigned to M.D.'s case after her being adjudicated delinquent below indicates a normal pre-teen who enjoys being with her friends, listening to music, roller skating and swimming. The battery of tests and evaluations performed on her "gave no compelling evidence to suggest or support * * * [her] involvement in the crime for which she has been found guilty. Her profile deviates markedly when compared with the profiles of other sex offenders. * * * Negative community relationships as identified by * * * [her] and her parents and supported by the testing are of particular concern. * * * [She] (and her family) ha[ve] had to endure incredible and persistent harassment as a result of this incident." Appellant has been saddled with the "taint of criminality" by this adjudication for a felony sex offense under circumstances where "sex" played but a minute role.

It was inappropriate that this case was filed in juvenile court. The case having been filed, it reasonably devolved on the juvenile judge to dismiss it pursuant to the mandates of R.C. Chapter 2151. The failure to dismiss resulted in a denial of M.D.'s constitutional rights to due process under the law, see *In re Gault* (1967), 387 U.S. 1; *In re Winship* (1970), 397 U.S. 358, which should have been vindicated by the court of appeals. We proceed to rectify that court's failure to do so, and accordingly reverse the judgment of the court of appeals, and hereby vacate appellant's adjudication as a delinquent child.

*Judgment reversed.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.