NOVAK et al., Appellants,

v.

REVERE LOCAL SCHOOL DISTRICT, Appellee.

[Cite as *Novak v. Revere Local School Dist.* (1989), 65 Ohio App.3d 363.]

Court of Appeals of Ohio,
Summit County.

No. 14033.

Decided Nov. 22, 1989.

*Frank D. Celebrezze,* for appellants.

*Donna J. Carr,* Assistant Prosecutor, for appellee.

BAIRD, Judge.

This cause comes before the court upon the appeal of plaintiffs, Patricia and William J. Novak, from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Revere Local School District, on plaintiffs-appellants' claim for reimbursement of student transportation expenses pursuant to R.C. 3327.01.

Appellants assign two errors on appeal.

### Assignments of Error

"I.   The trial court erred in granting summary judgment for the reason that O.R.C. 3327.01 violates Article I, Section 2 of the Ohio Constitution and the Fourteenth Amendment to the U.S. Constitution.

"II.   There was no evidence submitted that proper administrative procedure was followed by the Board in the denial of reimbursement, and therefore, a genuine issue of material fact existed which precluded summary judgment."

The issue raised in the second assignment of error was not raised in the trial court below.   The general rule is that an appellate court will not consider any error that a party could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.   *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201, 489 N.E.2d 277, 279.   Therefore, we overrule appellants' second assignment of error.

Likewise, appellants failed to raise the constitutional issue in their first assignment of error to the trial court.   "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."   *Id.* at syllabus.   This waiver doctrine, however, is discretionary.   *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, syllabus. "[E]ven though not brought to the attention of the trial court, appellate courts will notice and rectify plain errors affecting substantial rights, particularly claimed denials of constitutional rights."   *State v. Johnson* (1988), 40 Ohio St.3d 130, 132, 532 N.E.2d 1295, 1297.

We are thus obliged to look to the merits of appellants' claim of error to determine whether there was plain error in the trial court's failure to recognize that R.C. 3327.01 violates the Equal Protection Clauses of Section 2, Article I of the Ohio Constitution, and the Fourteenth Amendment to the

United States Constitution.[1]  As we find that R.C. 3327.01 is constitutionally valid, we find no error in the trial court's ruling.,

■ R.C. 3327.01 reads, in pertinent part:

"In all city, exempted village, and local school districts where resident school pupils in grades kindergarten through eight live more than two miles from the school * * * and to which they are assigned by the board of education of the district of residence or to and from the non-public school which they attend the board of education shall provide transportation for such pupils to and from such school except when, in the judgment of such board, confirmed by the state board of education, such transportation is unnecessary or unreasonable.

"In all city, exempted village, and local school districts the board may provide transportation for resident school pupils in grades nine through twelve to and from high school to which they are assigned by the board of education of the district of residence or to and from the non-public high school which they attend * * *.

"A board of education shall not be required to transport elementary or high school pupils to and from a non-public school where such transportation would require more than thirty minutes of direct travel time as measured by school bus from the collection point as designated by the coordinator of school transportation * * *.

"Where it is impractical to transport a pupil by school conveyance, a board of education may, in lieu of providing such transportation, pay a parent, guardian, or other person in charge of such child, an amount per pupil which shall in no event exceed the average transportation cost per pupil, such average cost to be based on the cost of transportation of children by all boards of education in this state during the next preceding year."

■ Appellants were denied reimbursement for their child's transportation expenses to a non-public school more than thirty minutes away from the designated collection point, in accordance with the statute.  R.C. 3327.01 requires transportation for students through grade eight, and allows it for students from grades nine through twelve.  Reimbursement is allowed in lieu of transportation where transportation is deemed impractical.  The statute specifies that a board of education shall not be required to transport non-public school students who travel more than thirty minutes to school, regard-

---

1. As the requirements and analyses that apply to the Equal Protection Clauses of both the Ohio and federal Constitutions are essentially identical, *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 21 O.O.3d 302, 424 N.E.2d 586, the ensuing discussion and disposition apply to both the state and federal constitutional claims.

less of grade level. Therefore, if the primary right of transportation granted by the statute is unavailable to *any* student who travels more than thirty minutes to a non-public school, then the secondary, derivative benefit of reimbursement *in lieu of* transportation is unavailable as well.

■ Appellants do not argue with this interpretation of the statute; rather, they claim that it is unconstitutionally arbitrary and discriminatory as applied to them. The standard that is applied when reviewing a claim of denial of equal protection depends on whether the statute in question involves either a suspect classification, such as race, or fundamental rights. First, this statute does not create a suspect classification, as the class of students who attend non-public schools beyond thirty-minutes driving distance is not "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *San Antonio School Dist. v. Rodriguez* (1973), 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16, 40. As there is no fundamental constitutional right to an education itself, *id.* at 35, 93 S.Ct. at 1298, 36 L.Ed.2d at 44, there can be no fundamental right to transportation to school or reimbursement in lieu of transportation. Thus, we apply the rational basis standard of review, which requires that the statute bear a rational relationship to a legitimate state purpose, rather than the more rigorous strict scrutiny test applicable to legislation involving suspect classifications or fundamental rights. *Id.* at 17, 93 S.Ct. at 1288, 36 L.Ed.2d at 33.

Though appellants claim that the unconstitutionality of the statute lies in its discriminatory application, their argument attacks the statute on its face for its classification of students, for *reimbursement* purposes, on the basis of the travel time required to attend school. Appellants concede that this classification is reasonable for determining which students will be provided transportation, yet argue that it somehow becomes arbitrary and unreasonable when applied in determining those entitled to reimbursement. We fail to find any basis for drawing such a distinction, as any right to reimbursement is secondary and dependent upon the primary right to transportation.

We find no merit in appellants' claim of constitutional violations. The classification of students for the purposes of R.C. 3327.01 is rationally related to a legitimate state purpose, which is to provide means of access to education facilities for students while not unduly burdening the resources of the school district. Furthermore, appellants fail to allege or bring forth any evidence of a discriminatory purpose or intent underlying this statute, which is a prerequisite to finding a violation of the Equal Protection Clause, even where a suspect classification such as race is involved. See *Crawford v. Los Angeles*

*Bd. of Edn.* (1982), 458 U.S. 527, 537–538, 102 S.Ct. 3211, 3217–3218, 73 L.Ed.2d 948, 956–957.

Appellants' assignments of error are not well taken.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.