OPINION
Appellant entered a plea of no contest to R.C.4511.19(A)(3); his sentence was journalized on June 20, 1996. An appeal was timely filed. The transcript of the proceedings was filed on September 18, 1996. On September 30, 1997, this court affirmed appellant's conviction.
Appellant filed his petition for post-conviction relief on October 14, 1997, arguing that he was denied his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. The trial court found that appellant's petition was filed beyond the one hundred eighty days as required by R.C.2953.21(A)(2)[1] and denied the petition. Appellant filed a timely notice of appeal. In his assignment of error, appellant argues that the trial court erred in denying his petition because the recent amendment to the statute violates Article I, Section 9
of the United States Constitution and Article I, Section 8 of the Ohio Constitution.[2]
A review of the record reveals that appellant failed to raise this particular claim of unconstitutionality in his petition for post-conviction relief at the trial court level. Generally, an appellate court will not consider an issue regarding the constitutionality of a statute where the issue was not raised in the trial court. State v. Barnes (1986), 25 Ohio St.3d 203, 206. Although the "waiver doctrine" is discretionary, see In re M.D.
(1988), 38 Ohio St.3d 149, the present case does not present plain error or special circumstances that warrant an exception to the waiver doctrine. A constitutional challenge to R.C. 2953.21 has previously been found to be waived where a post-conviction petitioner failed to raise the issue in the trial court. State v.Benner (Apr. 27, 1997), Summit App. No. 18094, unreported.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.
[1] The amendment to R.C. 2953.21, limiting the time of filing to 180 days from the date on which the trial transcript was filed, became effective on September 21, 1995.
[2] Both constitutional provisions protect the privilege of the writ of habeas corpus.