This matter is before the court as an appeal from the Wood County Court of Common Pleas. That court sentenced appellant to serve nine months in prison for failure to pay child support.
On November 20, 1997, appellant was indicted for non-support of dependents, a violation of R.C. 2919.21(A)(2) and a fifth degree felony. Appellant pled guilty. On December 9, 1998, the trial court sentenced appellant to serve nine months in prison and ordered him to pay arrearages of $51,334.96.
The sentencing judgment entry reads in relevant part:
 "Upon consideration of the record, all statements, the pre-sentence report and any victim impact statements submitted, the purposes and principles of sentencing under R.C. 2929.11, 2929.12[,] the Court finds the following to be applicable to the Defendant:
"Under R.C. 2929.12(B) Factors More Serious:
 1. Victim suffered serious physical, psychological or economic harm.
 "2. Relationship with victims (ex-wife and sons) facilitated offense.
 "3. Additional factor: the long term nature of ignoring support and Court Orders for child support.
"Under R.C. 2929.12(C) Factors Less Serious:
1. No factors apply.
"Under R.C. 2929.12(D) Recidivism Factors More Likely:
 1. Offender has a history of criminal convictions or delinquency adjudications.
 "2. Alcohol/Drug abuse pattern related to offense and offender does not acknowledge a pattern or refuses treatment.
"Under R.C. 2929.12(E) Recidivism Factors Less Likely:
1. No factors apply.
 "Upon inquiry, both counsel concurred that the Court has fully and accurately informed the Defendant of all the advisories required by law before sentencing and made all appropriate required findings.
 "For reasons stated on the record, and in consideration of all the above, and the matters set forth in R.C. 2929.13, 2929.14, 2929.15, 2929.16, 2929.17, 2929.18 and other matters pertinent to the sentence which should be imposed, the Court finds that to impose any sentence other than imprisonment with the State of Ohio would be demeaning to this offense by this offender[.]"
Appellant raises the following assignments of error:
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADHERE TO THE SENTENCING GUIDELINES SET FORTH IN [OHIO] REVISED CODE SECTION 2929.13.
 "II. A PRISON SENTENCE IMPOSED PURUSANT [sic] OHIO REVISED CODE SECTION 2929.21 (NON-SUPPORT) IS IN DIRECT CONFLICT WITH ARTICLE I, SECTION 15 OF THE OHIO CONSTITUTION AND THUS IS AN UNCONSTITUTIONAL AND VOID COURT ORDER."
In his first assignment of error, appellant challenges his nine-month prison sentence as contrary to law because the trial court did not make one of the eight findings required by R.C. 2929.13(B)(1) before imposing a prison sentence for a fifth degree felony. See R.C. 2953.08(A)(3). Appellant concludes that the trial court was precluded from taking the next step of considering the seriousness and recidivism factors in R.C.2929.12, the purposes and principles of sentencing in R.C.2929.11, or ascertaining whether community control sanctions were appropriate.
We have previously determined that a term of incarceration for fourth and fifth degree felonies may be imposed in two ways under R.C. 2929.13(B). State v. Byrd (May 14, 1999), Lucas App. No. L-98-1182, unreported.
 "If the court finds that at least one factor listed in R.C. 2929.13(B)(1) is applicable, the court then reviews whether a prison term is consistent with the purposes of sentencing. R.C. 2929.13(B)(2)(a); State v. Sims (Dec. 9, 1998), Summit App. No. 19018, unreported. While making this review, the court should consider the seriousness and recidivism factors in R.C. 2929.12(B) and (C), along with all other relevant factors. The court then considers the factors contained in R.C. 292912(D) and (E), and all other relevant factors, to determine whether the defendant is amenable to community control. R.C. 2929.13(B)(2)(a); R.C. 2929.12(D) and (E). If the court finds that (1) a prison term is consistent with the purposes of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a).
 "A prison term may also be imposed where the trial court does not find that one of the R.C. 2929.13(B)(1) factors is applicable. Under R.C. 2929.13(B)(2)(b), the trial court considers the factors in R.C. 2929.12(B) through (E). If appropriate under the circumstances, the trial court is required to impose a sentence of community control. However, if the court determines that community control is not consistent with the purposes of felony sentencing, then the court retains the discretion to impose a prison sentence. R.C. 2929.11(A); R.C. 2929.13(A); State v. Sims, supra." Id. (emphasis added).
Consequently, under the second method, the trial court does not need to make one of the eight findings required by R.C.2929.13(B)(1)(a) through (h). Again, we emphasize that it would have been preferable for the trial court to specifically indicate whether it had found one of the eight factors. See State v. Evans
(May 28, 1999), Sandusky App. No. S-98-035, unreported. The trial court did, however, note in its judgment entry that it had considered R.C. 2929.13. Id.
Even without a finding under R.C. 2929.13(B)(1), the court thoroughly balanced the seriousness and recidivism factors under R.C. 2929.12, as it was required to do. Then, the trial court properly considered the purposes and principles of felony sentencing under R.C. 2929.11. R.C. 2929.11(A) provides in relevant part:
 "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
Here, the trial court stated during the sentencing hearing its concerns that appellant had made no substantial payment since 1988. The court also commented that it had "very little confidence that if [appellant] spent the next six, nine months out of jail that he's going to pay." Further, the court commented, "I happen to think a few months in jail or in prison might be additional motivation to encourage him to address this matter as soon as feasible when he's out and perhaps be more effective than saying we will take a walk today and when he gets around it[,] start paying." This demonstrates that the trial court considered the deterrence, rehabilitation, and restitution purposes defined in R.C. 2929.11(A).
R.C. 2929.11(B) provides:
 "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
The trial court included in its judgment entry the finding that "to impose any sentence other than imprisonment with the State of Ohio would be demeaning to this offense by this offender." During the sentencing hearing, the trial court examined the impact of appellant's failure to pay child support on the victims:
 "The victims were the three sons. To the extent that the mother was precluded from providing for them, she certainly has every right to feel victimized. But the victim * * * [sic] were the sons. And I include them when I say that the victim suffered not only economic but psychological harm."
Consequently, even though the trial court did not make a finding under R.C. 2929.13(B), it considered all the factors required to impose incarceration for a fifth degree felony under the second method identified in State v. Byrd, supra.
Accordingly, appellant's first assignment of error is not well-taken.
We decline to address, for the first time on appeal, appellant's second assignment of error challenging the constitutionality of imprisonment for an unpaid debt of child support. Appellant notified the court after sentence was imposed that he "would be appealing the decision based on a violation of Ohio constitution in that the Court is essentially imprisoned [sic] a person for being a judgment debtor in violation of Ohio constitution." He never raised the issue to the trial court so that the trial court could examine the merits of his argument. We decline to exercise our discretion to consider appellant's second assignment of error. See In re M.D. (1988), 38 Ohio St.3d 149,151-152; State v. Awan (1986), 22 Ohio St.3d 120, syllabus (the "failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue * * * and therefore need not be heard for the first time on appeal.")
Accordingly, appellant's second assignment of error is found not well-taken.
The judgment of the Wood County Common Pleas Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _____________________________ Peter M. Handwork, P.J.
 _____________________________ Melvin L. Resnick, J.
 _____________________________ Mark L. Pietrykowski, J.
CONCUR.