OPINION
Defendant-appellant Christopher Bolling appeals from the denial of his motion for judicial release and conditional probation. He contends that the trial court erred by applying incorrect standards for determining his eligibility for the requested relief, and that by doing so, the trial court denied him his right to due process and equal protection of law.
We conclude that the trial court correctly refused to consider the issue of judicial release pursuant to R.C. 2929.20, because that relief is not available to Bolling. We further find that the trial court considered the matter of conditional probation pursuant to the statutory authority cited by Bolling. Finally, we find that Bolling failed to properly preserve his constitutional claims for appeal. Even had he done so, we would still affirm the trial court's decision, because Bolling does not fall into the class of persons whom he claims have been denied their constitutional rights.
Accordingly, the judgment of the trial court is Affirmed.
 I
In May, 1994, Christopher Bolling pleaded guilty to one count of Robbery and was sentenced to three to fifteen years of incarceration. That same month, he filed a motion for conditional probation, which was overruled. In December of 1994, Bolling filed a motion for shock probation, which was denied by the trial court. In 1996, he filed, pro se, a motion for probation and reduction of sentence, which was also overruled.
Of relevance to this appeal, in 1998, Bolling filed a motion seeking judicial release pursuant to R.C. 2929.20 and for conditional probation pursuant to R.C. 2951.04(C). In denying this motion, the trial court found that R.C. 2929.20 was not applicable to Bolling, and that he was not eligible for conditional probation. From the denial of his motion, Bolling appeals.
 II
Bolling's First Assignment of Error states:
 THE COURT ERRED IN APPLYING INAPPROPRIATE STATUTORY PROVISIONS TO DETERMINE APPELLANT'S ELIGIBILITY STATUS FOR CONSIDERATION FOR JUDICIAL RELEASE OR CONDITIONAL PROBATION.
Bolling contends that the trial court erred by failing to apply appropriate standards in determining his eligibility for judicial release and for conditional probation. In support, he argues that the trial court failed to apply R.C. 2929.20, regarding judicial release, even though he is entitled to relief pursuant to that statute. He does not make any argument concerning the issue of conditional probation.
R.C. 2929.20, the Ohio Revised Code section providing for judicial release, became effective July 1, 1996, as part of Am.Sub.S.B. Nos. 2 and 269. The trial court refused to grant relief pursuant to R.C. 2929.20 on the grounds that the statute was not applicable to Bolling. We agree. This court has unequivocally stated that "* * * R.C. 2929.20 is not available to offenders whose offenses were committed prior to July 1, 1996."State v. Young (Feb. 5, 1999), Greene App. No. 98 CA 68, unreported.
On the issue of conditional probation, Bolling's motion for relief requested conditional probation pursuant to R.C.2951.04(C), and it is clear from the trial court's decision that its ruling was based upon an analysis of that statute. Therefore, we conclude that Bolling may not now complain that the trial court applied an incorrect statute in deciding this branch of Bolling's motion.
Bolling's First Assignment of Error is overruled.
 III
Bolling's Second and Third Assignments of Error are as follows:
 THE COURT ERRED IN VIOLATING APPELLANT'S RIGHT TO EQUAL PROTECTION UNDER THE LAW THROUGH APPLYING INAPPROPRIATE STANDARDS TO DETERMINE HIS ELIGIBILITY FOR CONSIDERATION FOR JUDICIAL RELEASE.
 THE COURT ERRED IN VIOLATING APPELLANT'S RIGHT TO DUE PROCESS OF LAW PURSUANT TO THE UNITED STATES AND OHIO CONSTITUTIONS THROUGH APPLYING INAPPROPRIATE STANDARDS FOR DETERMINING HIS ELIGIBILITY FOR CONSIDERATION FOR JUDICIAL RELEASE.
Bolling contends that his right to Equal Protection and Due Process were violated when the trial court failed to apply R.C.2929.20 in determining his eligibility for judicial release. In support, he argues that by enacting R.C. 2929.20, the legislature repealed R.C. 2947.061 [shock probation]. Therefore, he contends that he is effectively denied relief under either statute, and is thus, denied his constitutional rights.
Bolling's arguments in support of his constitutional claims essentially raise two issues: (1) that by denying him access to relief pursuant to R.C. 2929.20 and by repealing R.C. 2947.061, the legislature has denied him access to any relief; and (2) that by repealing R.C. 2947.061, the legislature has taken away a right that he had at the time of his plea; in other words, when he entered his guilty plea, he was guaranteed the right to apply for shock probation pursuant to R.C. 2947.061, a right which he claims has been lost by the repeal of R.C. 2947.061.
We first note that Bolling failed to raise his constitutional claims at the trial court level. Thus, we need not consider this matter for the first time on appeal. In re M.D. (1988), 38 Ohio St.3d 149,150. However, even had he raised these issues appropriately, we would find his arguments without merit.
Bolling previously sought relief pursuant to R.C. 2947.061 in 1994. That relief was denied at that time. Pursuant to R.C.2947.061(B) convicted criminals, such as Bolling, may only exercise the opportunity to apply for shock probation once:
 * * * A defendant shall not file more than one motion pursuant to this division for each sentence imposed upon the defendant, and the court shall deny, without hearing, any motion not authorized by this division or prohibited by this division. * * *
Therefore, Bolling was afforded, and exercised, the full opportunity to seek the shock probation that was afforded to him by statute at the time of his plea.
As we understand it, Bolling is arguing that persons convicted prior to July 1, 1996, who failed to exercise their right to seek shock probation prior to any repeal of R.C.2947.061, are effectively denied the type of relief afforded to others, in violation of their rights to equal protection and due process of law. Bolling does not fall into that class of persons. Therefore, Bolling's claims are without merit.
Bolling's Second and Third Assignments of Error are overruled.
 IV
All of Bolling's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Johnna M. Shia, Matthew Ryan Arntz, Hon. David Sunderland