[Cite as *Barr v. Ohio Environmental Protection Agency*, 2013-Ohio-5717.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Roy E. Barr, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 13AP-553 |
| | | (C.C. No. 2013-00209) |
| Ohio Environmental Protection Agency et al., | : | |
| | | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

---

### D E C I S I O N

#### Rendered on December 24, 2013

---

*Roy E. Barr*, pro se.

*Michael DeWine*, Attorney General, *Kristin S. Boggs, Molly Patterson*, and *Lawrence Helkowski*, for appellees.

---

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Roy E. Barr ("appellant"), appeals from a June 6, 2013 judgment of the Court of Claims of Ohio dismissing his complaint for compensation for the fair market value for services rendered, proprietary knowledge, and plans of appellant. For the following reasons, we affirm.

{¶ 2} The complaint was filed on April 2, 2013 by appellant on behalf of himself individually, on behalf of The Roy E. Barr Living Trust, Roy E. Barr, Trustee, and on behalf of the Meadowlake Corporation. The facts outlined in the complaint describe a long history of administrative and legal disputes between appellant and defendant-appellee, Ohio Environmental Protection Agency ("EPA"), regarding the designation of well water at 1211 39th St. N.E., Canton Ohio, to be "surface water," rather than "ground

water," and the quality testing of that water. Appellant alleges that, on July 12, 2010, he submitted a bill to the EPA director for the fair market value of proprietary knowledge and plans that were allegedly seized by EPA agents.  Appellant's plans allegedly corrected defects in the EPA's plans to replace a Deming Mini-Turbine with a submersible pump in order to conduct bacteriological tests on the water. Appellant states that he has never been compensated for the plans, proprietary knowledge, and hours and years necessary to "isolat[e] and correct the defects in the Ohio EPA Director and Engineers approved plans." (Complaint, ¶ 59.)   The complaint was filed against the then director of the EPA, the Attorney General of Ohio, and the Revenue Recovery Group.  The court, in accordance with Loc.R. 15(B) of the Court of Claims of Ohio, deleted Revenue Recovery Group from the caption as surplusage.

{¶ 3}  On April 25, 2013, the EPA and the Attorney General (collectively "appellees") moved the court to dismiss the claims pursuant to Civ.R. 12(B)(6), arguing that the claims are barred by the applicable statute of limitations and fail to state a cognizable claim for relief.  Appellees further argued that appellant, a non-attorney, was not permitted to represent Meadowlake Corporation.  Appellant moved the court to deny the motion to dismiss and further moved for summary judgment in the amount of $500,000 for the seizure of his private intellectual personal property.

{¶ 4}  On June 6, 2013, the Court of Claims granted appellees' motion to dismiss, pursuant to Civ.R. 12(B)(6), finding that: (1) appellant, a non-attorney, could not represent the Meadowlake Corporation and The Roy E. Barr Living Trust; and (2) the claims, even those asserted by appellant in his individual capacity, are barred by the applicable statute of limitations outlined in R.C. 2743.16(A).  The court also dismissed all other pending motions as moot.

{¶ 5}  Appellant timely filed a notice of appeal.  Along with the notice of appeal which he filed in the Court of Claims, he filed a document entitled "Assignment of Errors for Judge Patrick M. McGrath and Magistrate Robert Van Schoyck 'Entry of Dismissal,' Conclusions and Motions for Relief Sought." In this document, he outlined four assignments of error:

> [1.] OHIO LAW REQUIRING AN ATTTORNEY TO REPRE-
> SENT A CORPORATION IS UNCONSTITUTIONAL AND/OR
> NEEDS TO BE MODIFIED.

[2.] THE REVENUE RECOVERY GROUP AS AGENTS FOR THE ATTORNEY GENERAL OF OHIO CANNOT BE DISMISS[ED] FROM THIS CASE.

[3.] IF MEADOWLAKE CORPORATION AND THE ROY E. BARR LIVING TRUST MUST BE REPRESENTED BY AN ATTORNEY THIS COURT NEEDS TO APPOINT A PUBLIC DEFENDER OR A CORPORATE ATTORNEY.

[4.] PLAINTIFF[']S CLAIM CANNOT BE TIME BARRED.

{¶ 6} In the same document, appellant notes that the documents and exhibits filed with the Court of Claims will serve as plaintiff's brief in this appeal. This document was not filed with this court of appeals. Furthermore, although in his motion to deny appellee's motion to dismiss appellant did request that the court appoint an attorney for Meadowlake Corporation, he did not raise the constitutionality of R.C. 1925.17, which requires that corporations be represented by an attorney.

{¶ 7} In his brief filed with this court, appellant identified one assignment of error:

OHIO LAW REQUIRING AN ATTORNEY TO REPRESENT A CORPORATION IS UNCONSTITUTIONAL AND/OR NEEDS TO BE MODIFIED.

{¶ 8} We decline to address appellant's first assignment of error, as he did not raise the constitutionality of R.C. 1925.17, in the court below. Generally, " '[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore *need not* be heard for the first time on appeal.' " (Emphasis sic.) *In re M.D.*, 38 Ohio St.3d 149, 150 (1988), quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.

{¶ 9} In his brief filed with this court, appellant also referred to "Assignments of Errors # 2, 3 and 4," but did not state or identify the assignments of error except to say that they "speak for themselves and need no further explanation" and that he would let "appointed Counsel submit additional data to this Court if this Court so chooses to appoint counsel for the Plaintiff."

{¶ 10} App.R. 16(A) states:

The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

* * *

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

* * *

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶ 11} With respect to the second, third, and fourth assignments of error, appellant did not comply with App.R. 16(A) because he neither identified, nor presented arguments in support of those assignments of error. App.R. 12(A)(2) states: "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Accordingly, we disregard appellant's second, third, and fourth assignments of error.

{¶ 12} We will note, however, that if, by way of the fourth assignment of error appellant filed in the trial court, appellant intended to assign error to the trial court's dismissal of the claims for being time barred, the trial court applied the statute of limitations correctly. R.C. 2743.16(A) states that "civil actions against the state * * * shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." In the complaint, appellant averred: "July 12, 2010, Plaintiff, Roy E. Barr, submits a bill to

Ohio EPA Director Chris Korleski for the fair market value of the propriety knowledge and plans." (Complaint, ¶ 57.) In his motion to deny appellees' motion to dismiss, appellant reiterated that the alleged seizure of his intellectual property took place on July 12, 2010. Finally, in his motion for summary judgment, appellant stated: "The facts in this case are not in dispute, [agents of the Ohio EPA] seized and acquired the private intellectual personal property of Plaintiff Roy E. Barr on July 12, 2010." Thus, July 12, 2010 is the date the statute of limitations began to accrue. The complaint was filed April 2, 2013, more than two years later. Therefore, the Court of Claims did not err in dismissing the complaint for being barred by the statute of limitations set forth in R.C. 2743.16(A).

{¶ 13} For the reasons outlined above, we decline to address appellant's four assignments of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER and O'GRADY, JJ., concur

_____