[Cite as *Canton v. Schuster*, 2020-Ohio-3060.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF CANTON | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2019 CA 00115 |
| CHRISTINE SCHUSTER | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Canton Municipal
Court, Case No. 2019CRB01102


JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        May 21, 2020


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

KRISTEN BATES-AYLWARD        AARON KOVALCHIK
CANTON LAW DIRECTOR        116 Cleveland Avenue South
JASON P. REESE        Suite 808
CANTON CITY PROSECUTOR        Canton, Ohio  44702
KELLY PARKER
ASSISTANT PROSECUTOR
218 Cleveland Avenue, SW
Canton, Ohio  44702

*Wise, J.*

**{¶1}**   Appellant Christine Schuster appeals her conviction on one misdemeanor count of failing to comply with a notice of violation or order to correct property maintenance code violations.

**{¶2}**   Appellee is the City of Canton.

<u>STATEMENT OF THE FACTS</u>

**{¶3}**   For purposes of this Opinion, the relevant facts and procedural history are as follows:

**{¶4}**   Karla Heinzer works in the city of Canton Building Department as a Code Enforcement Officer and enforces Cod. Ord. 1351.03(L), which states that any person failing to comply with a notice of violation or order to correct property maintenance code violations is guilty of a misdemeanor or civil infraction. (T. at 47; Cod. Ord. 1351.03(1)). When a Code Enforcement Officer sees a property maintenance code violation, the officer will issue a written notice of the violation and order the owner to correct the violation by a re-inspection date. (T. at 50-51, 53-54). The notice identifies the property, includes a statement of the violation, includes a correction order allowing a reasonable amount of time to make repairs, and informs the property owner of the right to an administrative appeal before the Canton Board of Building Appeals. (T. at 51; Cod. Ord. 1351.01, 2006 IPMC §107.2). The notice is posted at the property and is also mailed to the property owner at the last known address. (T. at 50-51, 53-54).

**{¶5}**   Upon receiving a complaint about the property, Officer Heinzer inspected 906 High Avenue, N.W. on February 22, 2018. (T. at 49). As a result of the inspection, Officer Heinzer issued notice of  twelve (12) property maintenance code violations to the

owner of the property, Appellant Christine Schuster, and ordered her to tuck-point the masonry joints at the foundation, scrape and paint the siding, eaves, and fascia, repair or replace the gutters, repair or replace downspouts, repair or replace steps to the backdoor, install a handrail, repair or replace lattice work, clean up trash and debris, repair the garage foundation where there was a hole at the northwest corner, repair or replace garage gutters, repair or replace garage downspouts, and scrape and paint the garage siding, including the trim, by April 6, 2018. (T. 53-54 ).

{¶6} Officer Heinzer re-inspected the property on April 6, 2018, May 15, 2018, and September 4, 2018. (T. at 61, 68, 70).

{¶7} When Appellant failed to comply with the April order, the City of Canton issued a non-compliance fine and issued a second notice of violation. (T. at 61). A third notice of violation was subsequently issued. (T. at 66, 69-70, 110).

{¶8} Following the final inspection on September 4, 2018, all twelve (12) violations from the February inspection and notice still remained. (T. at 70-73).

{¶9} Appellant was subsequently charged with a misdemeanor of the first degree for failing to comply with a notice of violation or order to correct property maintenance code violations. *Id.*

{¶10} On July 1, 2019, the case proceeded to trial in the Canton Municipal Court. The jury heard testimony from Ms. Heinzer and Appellant. Appellant did not make any legal challenges to the ordinance, constitutional or otherwise.

{¶11} At the conclusion of the trial, the jury found Appellant guilty as charged.

{¶12} Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶13}** "I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

**{¶14}** "II. CANTON CITY ORDINANCE 1351.03 IS VAGUE AND THEREFORE UNCONSTITUTIONAL."

**I.**

**{¶15}** In her first assignment of error, Appellant argues that her conviction was not supported by the manifest weight or sufficiency of the evidence. We disagree.

**{¶16}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶17}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also*, *State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the

exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶18}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flicking*, 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

**{¶19}** As set forth above, Appellant was charged with and convicted of violating Canton City Ordinance 1351.03(L) which states that any person failing to comply with a notice of violation or order to correct property maintenance code violations is guilty of a misdemeanor or civil infraction.

**{¶20}** Upon review, we find that the record supports a conviction under Canton City Ordinance 1351.03(L).

**{¶21}** At trial, during her testimony, Appellant admitted that she was the owner of the property, and that she received the notices of violations. She testified that she attempted to correct some of the violations by power washing the house, fixing the masonry, and that she purchased supplies to fix the back steps. (T. at 101-102). She testified that she could not comply with the February 22, 2018, order due to the weather conditions. (T. at 87). She further testified that she was disabled and was not physically able to finish corrections, and that at times she did not have the money to pay contractors. (T. at 83, 85, 103-104).

**{¶22}** Ms. Heinzer testified that Appellant was issued three (3) violation notices. (T. at 49-50, 61, 68, 70).  The initial notice was sent to her on February 22, 2018, which

ordered her to correct twelve (12) violations. Id. These violations included tuck-pointing the masonry joints at the foundation; scraping and painting the siding, eaves, and fascia; repairing or replacing the gutters; repairing or replacing downspouts; repairing or replacing steps to the backdoor; installing a handrail; repairing or replacing lattice work; cleaning up trash and debris; repairing the garage foundation where there was a hole at the northwest corner; repairing or replacing garage gutters; repairing or replacing garage downspouts; and, scraping and painting the garage siding, including the trim, no later than April 6, 2018. (T. 53-54).

**{¶23}** Ms. Heinzer testified that when she inspected the property on September 4, 2018, all twelve (12) violations were still present and unresolved. *Id.* Ms. Heinzer also presented photographs of the property.

**{¶24}** Further, all of the notices sent to Appellant contained the address of the real property, a statement of the code violations and a correction order which allowed for a reasonable amount of time to complete the repairs and/or improvements, and advised Appellant of her right to appeal. (T. at 50-55, 61-62, 70-71).

**{¶25}** Based on the foregoing, we find that the City proved that Appellant violated Canton City Ordinance 1351.03(L), and that her conviction for failure to comply with a notice of violation or order to correct property maintenance code violations was not against the manifest weight and sufficiency of the evidence.

**{¶26}** Appellant's first assignment of error is overruled.

**II.**

**{¶27}** In her second assignment of error, Appellant challenges the constitutionality of Canton City Ordinance 1351.03(L).

**{¶28}** Upon review, we find Appellant did not advance the constitutional argument to the trial court.

**{¶29}** The Ohio Supreme Court has held: "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. The Court subsequently clarified *Awan*, holding a court has the right to consider constitutional challenges in its discretion even if the argument was waived "in specific cases of plain error or where the rights and interests involved may warrant it." *See In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

**{¶30}** Here, Appellant did not make the constitutional challenge before the trial court, and we find no grounds in the present matter to warrant addressing the alleged constitutional violations raised by Appellant for the first time on appeal.

**{¶31}** Appellant's second assignment of error is overruled.

**{¶32}** For the reasons stated in the foregoing opinion, Appellant's conviction entered in the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.
Hoffman, P. J., and
Delaney, J., concur.

JWW/d 0513