[Cite as *In re B.S.*, 2025-Ohio-4318.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

IN RE:

    B.S.,

**ADJUDICATED DEPENDENT CHILD.**

**[TANEESHA S. - APPELLANT]**

CASE NO.  4-25-03

**OPINION AND JUDGMENT ENTRY**

---

**Appeal from Defiance County Common Pleas Court**
**Juvenile Division**
**Trial Court No. 35249**

**Judgment Affirmed**

**Date of Decision:  September 15, 2025**

---

**APPEARANCES:**

    *Joseph Sobecki* **for Appellant**

    *Chelsea R. Cereghin* **for Appellee, Defiance/Paulding Consolidated**
    **Dept. of Job and Family Services**

**ZIMMERMAN, J.**

{¶1} Mother-appellant, Taneesha S. ("Taneesha"), appeals the December 30, 2024 decision of the Defiance County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor child to the Defiance/Paulding Consolidated Job and Family Services (the "agency"). For the reasons that follow, we affirm.

{¶2} The underlying proceedings commenced on January 12, 2023 when the agency filed a complaint in the trial court alleging the minor child, B.S. (born in 2022), to be an abused, neglected, and dependent child of Taneesha and Phil R. ("Phil R.").[1] The complaint followed B.S.'s removal from her home and the trial court's placement of her into the agency's emergency temporary custody on January 11, 2023. B.S.'s removal occurred after law enforcement responded to a 911 hang-up call at a residence in Sherwood, Ohio. Through investigation, it was determined that B.S. had been placed outside in 30-degree temperatures and was struck on the head while outside. Taneesha, who was present at the scene, was arrested. She appeared to be under the influence, admitted to consuming alcoholic beverages, and tested positive for methamphetamine and amphetamine.

{¶3} Following a probable-cause hearing, the trial court concluded on January 18, 2023 that probable cause existed to believe that B.S. was an abused,

---

[1] Phil R. was not determined to be B.S.'s biological father until February 16, 2024 and he did not participate in the proceedings.

neglected, and dependent child. The trial court further found that it was in B.S.'s best interest to be placed in the temporary custody of the agency and that the agency made reasonable efforts to avoid removing B.S. from her home.

{¶4} On January 20, 2023, the trial court appointed a guardian ad litem ("GAL") to represent B.S.'s interests. Following an adjudicatory hearing on February 17, 2023, the trial court, upon the consent of Taneesha, adjudicated B.S. as a dependent child and ordered that she remain in the temporary custody of the agency.

{¶5} Over the course of 2023 and 2024, the parties filed several competing motions concerning B.S.'s custody. Initially, the agency requested the trial court to grant legal custody to B.S.'s maternal aunt, Jessica B., and her husband, Brandon B., on December 22, 2023. On December 28, 2023, Taneesha, filed a motion requesting custody of B.S. However, these motions were temporarily withdrawn in February 2024 after B.S.'s biological father was identified through paternity testing.

{¶6} Thereafter, the agency renewed its request in June 2024 that the trial court place B.S. in the legal custody Jessica B. and Brandon B. However, B.S. was removed from Jessica B. and Brandon B.'s care due to concerns about B.S.'s well-being in their care. Consequently, on September 16, 2024, the agency reversed course, withdrawing that motion and filing a new one. The new motion requested that the trial court grant permanent custody of B.S. to the agency or, alternatively,

award legal custody of B.S. to Gary H. and Morgan H., who are the custodians of B.S.'s half-sibling.

{¶7} The GAL filed a report on December 3, 2024 recommending that the trial court grant legal custody of B.S. to Gary H. and Morgan H., with an alternative recommendation of permanent custody to the agency should legal custody be unviable. Furthermore, throughout the proceedings, the trial court approved the agency's case plans.

{¶8} After a hearing on December 3, 2024, the trial court granted permanent custody of B.S. to the agency on December 30, 2024. The trial court found that the grounds for permanent custody were met because the child had been in the agency's continuous custody for 18 months and that it was in B.S.'s best interest to award permanent custody of B.S. to the agency. The trial court reasoned that permanent custody was in B.S.'s best interest because returning her to Taneesha would be unsuccessful and that legal custody with relatives would likely expose B.S. to similar trauma that her older half-sister experienced. Therefore, the trial court found that it was in the best interest of B.S. to achieve a secure, permanent placement through adoption, which necessitated the termination of parental rights.

{¶9} Taneesha filed her notice of appeal on January 28, 2025.[2] She raises two assignments of error for our review.

---

[2] Phil R. did not file a notice of appeal.

## First Assignment of Error

**The Trial Court Erred In Relying Upon A Statutory Provision That Violates The U.S. Constitution, Namely R.C. 2151.414(C), Insofar As It Expressly Prohibits A Trial Court From Considering The Effect Of A Grant Of Permanent Custody Would Have Upon The Parents.**

{¶10} In her first assignment of error, Taneesha contends that R.C. 2151.414(C) is unconstitutional. In particular, she contends that it is unconstitutional on its face because it expressly prohibits a trial court from considering the effect that granting permanent custody would have on a parent, which violates the fundamental liberty interest to raise one's children protected by the Due Process Clause of the Fourteenth Amendment.

### Standard of Review

{¶11} "It is difficult to prove that a statute is unconstitutional. All statutes have a strong presumption of constitutionality." *Arbino v. Johnson & Johnson*, 2007-Ohio-6948, ¶ 25. Thus, "[b]efore a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *Id.*, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus.

{¶12} "A party seeking constitutional review of a statute may proceed in one of two ways: present a facial challenge to the statute as a whole or challenge the statute as applied to a specific set of facts." *Id.* at ¶ 26. "In an as-applied

constitutional challenge, "'the party making the challenge bears the burden of presenting clear and convincing evidence of a presently existing set of facts that [makes the statute] unconstitutional and void when applied to those facts.'"" *Brandt v. Pompa*, 2022-Ohio-4525, ¶ 27, quoting *Groch v. Gen. Motors Corp.*, 2008-Ohio-546, ¶ 181, quoting *Harrold v. Collier*, 2005-Ohio-5334, ¶ 38.

{¶13} To successfully present a facial challenge, the challenging party "must demonstrate that there is no set of circumstances in which [the] statute would be valid." *Arbino* at ¶ 26. "To establish a constitutional violation through a facial challenge, it is not enough '"that a statute might operate unconstitutionally under some plausible set of circumstances."'" *Brandt* at ¶ 27, quoting *Groch* at ¶ 181, quoting *Harrold* at ¶ 37.

*Analysis*

{¶14} Here, Taneesha claims that R.C. 2151.414(C) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution by expressly prohibiting a trial court from considering the effect that a grant of permanent custody would have on a parent. R.C. 2151.414(C) specifically provides, in its relevant part, that when determining whether to grant permanent custody, "a court shall not consider the effect the granting of permanent custody to the agency would have upon any parent of the child."

{¶15} However, Taneesha concedes that she did not raise this issue in the trial court. This failure constitutes a waiver of the issue on appeal. *In re Morris*,

2006-Ohio-3231, ¶ 13 (3d Dist.) (analyzing that the parties "conceded that the constitutionality of R.C. 2151.414 was not raised at the trial court level and that such failure constitutes a waiver of that right").

**{¶16}** Nevertheless, Taneesha urges this court to bypass this waiver under our discretionary plain error review, which allows consideration of unraised constitutional issues when "'the rights and interests involved may warrant it.'" *Id.*, quoting *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. We decline to do so. This court and others have consistently refused to review this constitutional challenge when not preserved for appeal, making a plain error analysis unnecessary. *See id.* *See also In re Goggins*, 1998 WL 469861, *5 (9th Dist. July 29, 1998) (concluding that the appellant waived a constitutional challenge to R.C. 2151.414(C) by failing to raise the issue in the trial court).

**{¶17}** Taneesha's first assignment of error is overruled.

### Second Assignment of Error

**If The First Assignment Of Error Cannot Be Considered By This Court Because It Was Not Raised Below, Then Trial Counsel For Appellant Was Ineffective In Failing To Raise The Constitutionality of R.C. 2151.414(C), Insofar As It Expressly Prohibits A Trial Court From Considering The Effect Of A Grant Of Permanent Custody Would Have Upon The Parents.**

**{¶18}** In her second assignment of error, Taneesha argues that her trial counsel was ineffective for failing to raise her constitutional challenge before the trial court. Specifically, she claims that this failure was prejudicial, rendering the

permanent custody hearing fundamentally unfair and its outcome unreliable because the trial court was statutorily prohibited from weighing her constitutionally protected parental rights.

*Standard of Review*

{¶19} "All parties in permanent custody proceedings are entitled to representation by legal counsel in all stages of the proceedings." *In re V.G.*, 2021-Ohio-3554, ¶ 62 (3d Dist.), citing R.C. 2151.352 and Juv.R. 4. "In permanent custody proceedings, where parents face losing their children, we apply the same test as the test for ineffective assistance of counsel in criminal cases." *In re E.C.*, 2015-Ohio-2211, ¶ 40 (3d Dist.).

{¶20} A party asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *Id.* at ¶ 41, citing *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. The appellant bears the burden of establishing ineffective assistance of trial counsel and, in order to do so, must overcome the strong presumption that licensed attorneys provided competent representation. *In re E.C.* at ¶ 41. "Prejudice results

when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *In re V.G.* at ¶ 63, quoting *Bradley* at 142, citing *Strickland* at 694. "'"A reasonable probability is a probability sufficient to undermine confidence in the outcome."'" *Id.*, quoting *Bradley* at 142, quoting *Strickland* at 694.

{¶21} "The failure to make either the deficiency or prejudice showing defeats a claim of ineffective assistance of counsel." *In re V.G.* at ¶ 64. "Thus, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*, quoting *Strickland* at 697.

*Analysis*

{¶22} On appeal, Taneesha argues that her trial counsel was ineffective for failing to raise her constitutional challenge before the trial court. Taneesha's argument is without merit. Decisively, Taneesha cannot demonstrate the requisite prejudice to succeed on an ineffective assistance of counsel claim. Indeed, constitutional challenges to R.C. 2151.414 have been consistently rejected. *See In re Gomer*, 2004-Ohio-1723, ¶ 31 (rejecting a due process constitutional challenge to Ohio's permanent custody statute); *In re Brooks*, 2004-Ohio-3887, ¶ 31 (10th Dist.) (concluding that trial counsel is not ineffective for failing to challenge the

constitutionality of permanent custody statutes that the court has previously determined to be constitutional). Consequently, Taneesha cannot demonstrate that she was prejudiced by her counsel's failure to raise a meritless constitutional claim. Therefore, Taneesha's trial counsel was not ineffective. *See In re E.W.*, 2006-Ohio-2609, ¶ 15 (10th Dist.).

{¶23} Taneesha's second assignment of error is overruled.

{¶24} Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK, P.J. and MILLER, J., concur.**

Case No. 4-25-03

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____
William R. Zimmerman, Judge

_____
Juergen A. Waldick, Judge

_____
Mark C. Miller, Judge

DATED:
/hls

-11-