the common pleas court's denying it, given the rulings of this opinion. Appellant's second assignment of error is overruled.

Given the foregoing, although we find no error in the conclusions the common pleas court reached, we modify the judgment of the court to the extent of remanding this matter solely for consideration of whether Ohio Adm.Code 1301:6–3–15(O) is a valid exercise of the division's rule-making authority as discussed under appellant's fifth argument in this opinion.

*Judgment modified*
*and cause remanded.*

BOWMAN and HAYES, JJ., concur.

JERRY L. HAYES, J., of the Portage County Court of Common Pleas, sitting by assignment.

---

**SPRINGER et al., Appellees,**

v.

**KOEHLER BROTHERS et al., Appellants.**

[Cite as *Springer v. Koehler Bros.* (1990), 69 Ohio App.3d 592.]

Court of Appeals of Ohio,
Hancock County.

No. 5–89–8.

Decided Sept. 27, 1990.

John C. Firmin and Stephen A. Roepke, for appellees.

J. Bruce Brimley and Howard A. Elliott, for appellants.

GUERNSEY, Judge.

This is an appeal by the defendants, Koehler Brothers, an Ohio partnership, Koehler Realty, Inc., James C. Koehler and Henry E. Koehler, from a money judgment of the Court of Common Pleas of Hancock County awarding the plaintiffs, Robert L. Springer and Gary M. Springer, $7,200 damages and $8,767 attorney fees, pursuant to the provisions of R.C. 5311.27(B). The judgment was rendered against all the defendants except Koehler Realty, Inc., and since that defendant was not a party in the trial court and has not been aggrieved by the judgment, the appeal is dismissed as to it. The appellants will hereafter be referred to as the Springers and the appellees as the Koehlers.

The plaintiffs are beneficiaries of the estate of their mother, Mary L. Springer, and succeeded to her title in and to a condominium apartment sold to her and conveyed to her on March 15, 1984, by the Koehlers. The plaintiffs are also the assignees of all rights, claims and causes of action pertaining to said property held by their mother prior to her death. After taking possession of the property by Mrs. Springer, problems developed requiring repairs to chimneys and exterior walls, the cost of which were shared by Mrs. Springer and other condominium owners. Soon thereafter Mrs. Springer died.

On March 15, 1985, the Springers brought action against the Koehlers for failure to comply with R.C. Chapter 5311, the Ohio Condominium Act, claiming violations of R.C. 5311.26 and failure to disclose to the Springers the conditions of the property, and seeking $20,000 in damages and attorney fees as authorized by R.C. 5311.27(B).

By journal entry of July 25, 1986, amended on September 17, 1986, the trial court dismissed the Springers' claims against Snyder–Koehler Realty, Inc., and rendered money judgment against defendants, Koehler Brothers and James W. Koehler and Henry E. Koehler, jointly and severally for $500 for chimney repair, $2,639.51 for exterior wall repair, and a pro rata of engineering costs in the amount of $87.50. Appeal of that judgment was taken to this court by the Koehlers, and a cross-appeal was taken by the Springers.

In that appeal, the Koehlers alleged error of the trial court in awarding damages for breach of an express warranty, and the Springers alleged error of that court in failing to find that the Koehlers had violated R.C. Chapter 5311. On December 17, 1987, this court found both the assignment of error and the cross-assignment of error well taken, entered final judgment for the Koehlers as to the cost of repairs and engineering studies, found for the Springers as to the Koehlers' violations of R.C. 5311.26, and remanded the cause to the trial court for further proceedings on that claim, including the

Koehlers' liability under R.C. 5311.27. On January 12, 1988, the Koehlers filed a notice of appeal to the Supreme Court which dismissed same *sua sponte* on March 16, 1988.

Subsequent thereto counsel agreed to submit the issues to the common pleas court on the record adduced during the first trial, and on counsel's briefs and memoranda. That submission resulted in the judgment first referred to and now on appeal.

In their present appeal, the Koehlers assign error of the trial court as follows:

"I. Absent some showing by the plaintiff [*sic*] of connection between a violation of Ohio Revised Code Section 5311.26 and an allegation of actual damage, Ohio Revised Code Section 5311.27(B) limits the recovery of damages to five hundred dollars ($500.00).

"II. To the extent that Ohio Revised Code Section 5311.27(B) permits the recovery of attorney fees by an injured condominium unit purchaser, but limits the recovery of attorney fees for the developer in actions where the suit is groundless or has been brought in bad faith, attorney fees may not be awarded since such provision is violative of equal protection under the Ohio Constitution."

Both of these assignments of error involve the application of the following provisions of R.C. 5311.27:

"(B) Any developer or agent who sells a condominium ownership interest in violation of section 5311.25 or 5311.26 of the Revised Code shall be liable to the purchaser in an amount equal to the difference between the amount paid for the interest and the least of the following amounts:

"(1) The fair market value of the interest as of the time the suit is brought;

"(2) The price at which the interest is disposed of in a bona fide market transaction before suit;

"(3) The price at which the unit is disposed of after suit in a bona fide market transaction, but before judgment. In no case shall the amount recoverable under this division be less than the sum of five hundred dollars for each violation against each purchaser bringing an action under this division, together with court costs and reasonable attorneys' fees. If the purchaser complaining of the violation of section 5311.25 or 5311.26 of the Revised Code has brought or maintained an action he knew to be groundless or in bad faith and the developer or agent prevails, the court shall award reasonable attorneys' fees to the developer or agent."

The Koehlers' argument under the first assignment of error is essentially that the Springers must show *actual* damages which they incurred

*caused* by violation by the Koehlers of R.C. 5311.26 before they may recover any damage award in excess of the $500 minimum set forth in subdivision (B)(3) of R.C. 5311.27. We do not agree that R.C. 5311.27, in the form in which it was enacted, requires such showing. R.C. Chapter 5311 was enacted by the General Assembly to effect controls which would tend to eliminate abuses existing in the condominium industry and to provide remedies for such abuses to condominium purchasers. Obviously because of the combinations of sole and common ownership as well as the existence of a condominium governing body exercising some control over the rights and obligations of an individual condominium owner, and sometimes intervening either advantageously or disadvantageously to the individual owner's interests between the individual owner and the developer, the determination of an individual owner's traditional and actual damages in a given situation might become overwhelmingly difficult, if not impossible. The legislature's solution to these problems was to provide that for certain statutory violations by a developer the damages recoverable by an individual owner would be measured by the statutory formula set forth in R.C. 5311.27(B). The legislature has made its determination of the existence of causation, *i.e.*, that a violation of R.C. 5311.25 or 5311.26 in the sale of a condominium ownership interest *causes* and *results* in damages to the purchaser in the amount determined by application of the statutory formula. The damages thus determined are not only statutory damages but tantamount to liquidated damages for the violations involved. It is our opinion that the legislature has fulfilled any requirements as to the existence of causation.

Moreover, causation was an issue that, if not raised, could have been raised under the defendants' assignment of error in the former appeal to this court, and was specifically raised by the third proposition of law in the defendants' memorandum in support of claimed jurisdiction filed on their appeal to the Supreme Court of Ohio, thereafter dismissed *sua sponte.* Under the principle of "law of the case," on our remand to the trial court for a determination of damages for violation of R.C. 5311.26, the trial court was bound to apply the statutory formula for such determination set forth in R.C. 5311.27, and had no issue of causation before it.

We find no error prejudicial to the appellants as assigned under their first assignment of error.

As to the second assignment of error claiming unconstitutionality of the provisions of R.C. 5311.27 relating to the recovery of attorney fees, as being in violation of equal protection, we have carefully reviewed the transcript of proceedings, the transcript of docket and journal entries and the original papers pertinent to the first trial and prior to the appeal therefrom.

We find no place therein, and our attention has not been invited to any place therein, where the issue of constitutionality of such provisions was raised, although it was raised after the cause was remanded for further proceedings.

Without considering the issue on its merits we find that it is not reviewable on this appeal. In *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, the Supreme Court held:

"Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."

Thereafter, in *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286, the Supreme Court held:

"The waiver doctrine in *State v. Awan* (1986), 22 Ohio St.3d 120 [22 OBR 199, 489 N.E.2d 277], * * * is discretionary. Even where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests may warrant it."

In our opinion this case is not included within the term "specific cases of plain error or where the rights and interests involved may warrant it," and, exercising our declared discretion, we decline to hear the constitutional issue not raised during the original trial.

■ We are also of the opinion that if it had been raised in the trial court the constitutional issue would have been available if properly raised on the former appeal to this court. However, it was implicit in the remand, for further proceedings on the Springers' claim for damages for violation of R.C. 5311.26 in accordance with the opinion rendered on the first appeal, that such damages were those provided for and measured by the provisions of R.C. 5311.26, including the allowance of attorney fees. That remand did not leave open to consideration by the trial court any issue as to constitutionality of such provisions. Under the principle of "law of the case," it was not an issue which could be tried by the trial court on remand or by this court on this second appeal.

We find the second assignment of error without merit.

Having found no error prejudicial to the defendants, appellants herein, in any of the particulars assigned and argued, the judgment of the lower court must be affirmed, and the cause remanded for execution of that judgment together with further proceedings by the trial court on the allowance of

additional court costs and reasonable attorney fees incurred by the plaintiffs in the defense of this appeal.

*Judgment affirmed*
*and cause remanded.*

MILLER, P.J., and HADLEY, J., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, sitting by assignment.

RONALD E. HADLEY, J., retired, of the Court of Common Pleas of Logan County, sitting by assignment.