OPINION
{¶ 1} Defendant, Phillip R. Puckett, was charged with and subsequently entered pleas of guilty to two counts of domestic violence, R.C. 2919.25(A), which are felonies of the third degree, and ten counts of violation of a protection order, R.C.2919.27(A)(1), which are felonies of the fifth degree. The victim of the offenses was Defendant's live-in girlfriend. The trial court imposed concurrent five year sentences for the twelve offenses. Puckett filed a timely notice of appeal
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ACCEPTING A PLEA TO A FELONY DOMESTIC VIOLENCE CHARGE BETWEEN TWO PARTIES WHO WERE NOT SPOUSES, ONLY CO-HABITANTS IN DEROGATION OF ARTICLE XV § 11 OF THE OHIO CONSTITUTION."
 {¶ 3} R.C. 2919.25(A), the domestic violence statute, states: "No person shall knowingly cause physical harm to a family or household member." R.C. 2919.25(F)(1)(a)(i) defines such persons to include a spouse or person living as a spouse, and paragraph (2) of R.C. 2919.25(F) states: "`Person living as a spouse' means a person living or who has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." It is undisputed that the victim of Defendant's domestic violence offenses falls within that definition.
 {¶ 4} Section 11, Article XV of the Ohio Constitution, the "Defense of Marriage" Amendment, became effective on December 2, 2004. It states:
 {¶ 5} "Only a union between one man and one woman may be a marriage valid in or recognized by this state and its political subdivisions. This state and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance or effect of marriage."
 {¶ 6} Defendant-Appellant argues that R.C. 2919.25(A) creates a "legal status" for unmarried persons prohibited by Section 11, Article XV, because by treating persons living as spouses as it also does spouses the domestic violence statute "approximates the design, qualities, significance or effect of marriage" with respect to a non-marital relationship and the conduct it prohibits. Further, absent the prohibited approximation Defendant could be guilty only of simple Assault, R.C. 2903.13(A), which is but a first degree misdemeanor and subject to a lesser penalty.
 {¶ 7} The argument Defendant presents was the rationale first applied by the Court of Common Pleas of Cuyahoga County in Statev. Burk (March 23, 2005), Case No. CR462510, which held R.C.2919.25(A) unconstitutional. That ruling sustained a Crim.R. 12(C)(1) motion alleging a defense or objection based on defects in the institution of the prosecution. Crim.R. 12(C) states that such motions "must be raised before trial."
 {¶ 8} Defendant did not challenge the constitutionality of R.C. 2919.25(A) by way of a Crim.R. 12(C)(1) motion filed in the trial court or in any other way prior to this appeal. The error Defendant assigns on appeal is therefore waived. The rule of waiver likewise applies to constitutional rights, which may be lost as finally as any others by a failure to assert them at a proper time. State v. Wade (1978), 53 Ohio St.2d 182.
 {¶ 9} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed (on appeal) although they were not brought to the attention of the (trial) court." Consideration of plain error is discretionary. In re M.D.
(1988), 38 Ohio St.3d 149. Three limitations are imposed on an appellate court's exercise of that discretion. First, there must be an error. Second, the error must be an obvious defect in the trial proceedings. Third, the error must have affected substantial rights. State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68.
 {¶ 10} Substantial rights are almost necessarily affected when constitutional error occurs. However, on this record, we cannot find that the alleged error, if it was an error, was so "obvious" as to be plain error.
 {¶ 11} The holding in Burk is not one that was binding on the trial court, and it lacks the weight and authority given to opinions of the courts of appeals. See Sup. Ct.R. Rep.Op.4. Indeed, the Court of Appeals of Stark County has held that the prohibitions of Section 11, Article XV apply only to same sex marriage and have no application to R.C. 2919.25, the domestic violence statute. Further, our own court has not spoken to the issue.
 {¶ 12} Defendant points out in his Reply Brief that, shortly after he entered his guilty pleas on March 7, 2005, the same trial court judge held R.C. 2919.25 unconstitutional for the reasons on which Defendant relies. See: State v. Steineman
(April 26, 2005), Greene C.P. No. 2005CR0068. Perhaps the court would have held likewise had Defendant Puckett raised the issue. However, that the trial court so found in Steineman does not make the alleged error "obvious" for purposes of Barnes. To be obvious, the nature and effect of the error must be manifestly apparent and undeniable, not merely a basis for contention. That is not the case here.
 {¶ 13} Defendant Puckett entered pleas of guilty to all the charges against him, and a guilty plea is a complete admission of the defendant's guilt. Crim.R. 11(B)(1). For that reason, and because the alleged plain error is not one which was obvious, we believe the sound and orderly administration of justice supports an exercise of our discretion to decline to review the error assigned.
 {¶ 14} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 15} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL SINCE HIS TRIAL ATTORNEY PERMITTED APPELLANT TO ENTER A PLEA OF GUILTY TO DOMESTIC VIOLENCE WITHOUT CHALLENGING THE CONSTITUTIONALITY OR LEGALITY OF THE UNDERLYING STATUTE."
 {¶ 16} A plea of guilty waives any claim that the accused was prejudiced by ineffective assistance of trial counsel, except to the extent that the ineffectiveness alleged may have caused the guilty plea to be less than knowing, intelligent, and voluntary.State v. Barnett (1991), 73 Ohio App.3d 244. The focus of that inquiry is the procedures by which the accused's constitutional rights were waived. State v. Kelley (1991), 57 Ohio St.3d 127.
 {¶ 17} Defendant-Appellant makes no claim that his guilty plea was less than knowing, intelligent and voluntary with respect to the criminal liability his plea admitted. The second assignment of error is overruled.
 {¶ 18} Having overruled the errors assigned, we will affirm Defendant-Appellant's conviction and sentence.
Wolff, J. And Donovan, J., concur.