[Cite as *Canton v. Copeland*, 2019-Ohio-5225.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF CANTON | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2019CA00042 |
| CHARLES D. COPELAND | |
|     Defendant-Appellant | O P I N I O N |



CHARACTER OF PROCEEDING:    Criminaal Appeal from the Canton
Municipal Court, Case No. 2018CRB05739


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    December 17, 2019


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

KRISTEN BATES-AYLWARD    GEORGE URBAN
CANTON LAW DIRECTOR    116 Cleveland Avenue South
JASON P. REESE    Suite 808
CANTON CITY PROSECUTOR    Canton, Ohio 44702
218 Cleveland Avenue, SW
Canton, Ohio 44702

*Wise, J.*

**{¶1}** Appellant Charles D. Copeland appeals his conviction on one misdemeanor count of failing to comply with a notice of violation or order to correct property maintenance code violations.

**{¶2}** Appellee is the City of Canton.

## STATEMENT OF THE FACTS

**{¶3}** For purposes of this Opinion, the relevant facts and procedural history are as follows:

**{¶4}** Karla Heinzer works in the city of Canton Building Department as a Code Enforcement Officer and enforces Cod. Ord. 1351.03(L), which states that any person failing to comply with a notice of violation or order to correct property maintenance code violations is guilty of a misdemeanor or civil infraction. (T. 51; Cod. Ord. 1351.03(1)). When a Code Enforcement Officer sees a property maintenance code violation, the officer will issue a written notice of the violation and order the owner to correct the violation by a re-inspection date. (T. 129-30). The notice identifies the property, includes a statement of the violation, includes a correction order allowing a reasonable amount of time to make repairs, and informs the property owner of the right to an administrative appeal before the Canton Board of Building Appeals. (T. 130-131; Cod. Ord. 1351.01, 2006 IPMC §107.2).

**{¶5}** Upon receiving a neighbor complaint, Officer Heinzer inspected 2231 Waltham Place S.W. (T. at 52). As a result of the inspection, Officer Heinzer issued notice of fourteen (14) property maintenance code violations to the owner of the property, Appellant Charles Copeland, and ordered him to clean up the trash, mow the grass, and remove his inoperable vehicles no later than October 30, 2017. (T. at 58-59, 64).

{¶6}   When Appellant failed to comply with the October order, the City of Canton fined him $100.00. (T. at 73-75, 79). Also, because Appellant failed to pick up the trash and debris on his property, the City of Canton did it for him and invoiced Appellant for the cost. (T. at 75, 79).

{¶7}   Subsequent to the October, 2017, inspection, Officer Heinzer inspected the property five (5) more times, issued four (4) additional violation notices, and met with the property owner and an assistant prosecutor in an attempt to resolve the matter in lieu of filing a criminal complaint. (T. at 79-80, 85, 88-93, 99).

{¶8}   Appellant failed to appeal any of the administrative orders. (T. at 132).

{¶9}   At the final inspection on October 26, 2018, Officer Heinzer saw that all ten (10) violations from her August 22, 2018, notice still remained. (T. at 99).

{¶10}  Appellant was subsequently charged with a misdemeanor of the first degree for failing to comply with a notice of violation or order to correct property maintenance code violations.

{¶11}  On February 20, 2019, the case proceeded to trial in the Canton Municipal Court.

{¶12}  Appellant did not make any legal challenges to the ordinance, constitutional or otherwise.

{¶13}  At the conclusion of the trial, the jury found Appellant guilty as charged.

{¶14}  Appellant now appeals, raising the following errors for review:

ASSIGNMENTS OF ERROR

{¶15} "I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE JURY FUNDAMENTALLY LOST ITS WAY IN RETURNING A GUILTY VERDICT

{¶16} "II. THE APPLICATION OF CANTON CITY ORDINANCE 1351.03(L) TO THE APPELLANT IS UNCONSTITUTIONALLY VAGUE AND VIOLATES HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶17} "III. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."

**I.**

{¶18} In his first assignment of error, Appellant argues that his conviction was not supported by the manifest weight or sufficiency of the evidence. We disagree.

{¶19} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶20} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of

witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also, State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶21}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flicking,* 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

**{¶22}** As set forth above, Appellant was charged with and convicted of violating Canton City Ordinance 1351.03(L) which states that any person failing to comply with a notice of violation or order to correct property maintenance code violations is guilty of a misdemeanor or civil infraction.

**{¶23}** Upon review, we find that the record supports a conviction under Canton City Ordinance 1351.03(L)

**{¶24}** The testimony at trial established that Appellant was issued five (5) violation notices. (T. at 54, 64, 75, 88-89, 91, 92-93). The notice sent to him on August 22, 2018, ordered him to correct ten (10) violations. (T. at 92-93). These violations included trash which was not cleaned up, uncut grass, inoperable vehicles on the property, as well as windows, siding, trim railings, doors, and downspouts in disrepair on both the house and

the garage. (T. at 101-104). Ms. Heinzer testified that when she inspected the property on October 26, 2018, all ten (10) violations were still present and unresolved. *Id.* Ms. Heinzer also presented photographs of the property.

**{¶25}** Further, all of the notices sent to Appellant contained the address and parcel number of the real property, a statement of the code violations and a correction order which allowed for a reasonable amount of time to complete the repairs and/or improvements. (T. at 54, 64, 75, 88-89, 91-93).

**{¶26}** Appellant argues that the Ordinance allows for progressive scheme and therefore the City of Canton should have punished him administratively.

**{¶27}** While the ordinance does outline the civil penalties for the failure to comply with a notice as a progressive fine schedule, in the alternative, the City of Canton may pursue a criminal action for the failure to comply with a notice. Canton Codified Ord. 1351.03(L)(5).

**{¶28}** Based on the foregoing, we find that the City proved that Appellant violated Canton City Ordinance 1351.03(L) and that his conviction for failure to comply with a notice of violation or order to correct property maintenance code violations was not against the manifest weight and sufficiency of the evidence.

**{¶29}** Appellant's first assignment of error is overruled.

## II.

**{¶30}** In his second assignment of error, Appellant challenges the constitutionality of Canton City Ordinance 1351.03(L).

**{¶31}** Upon review, we find Appellant did not advance the constitutional argument to the trial court.

**{¶32}** The Ohio Supreme Court has held: "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. The Court subsequently clarified *Awan*, holding a court has the right to consider constitutional challenges in its discretion even if the argument was waived "in specific cases of plain error or where the rights and interests involved may warrant it." *See In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. Here, appellant did not make the constitutional challenge before the trial court and we find no grounds in the present matter to warrant addressing the alleged constitutional violations raised by Appellant for the first time on appeal.

**{¶33}** Appellant's second assignment of error is overruled.

### III.

**{¶34}** In his third assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree.

**{¶35}** More specifically, Appellant argues his counsel was ineffective in failing to challenge the constitutionality of the Ordinance, failing to object to the admission of the State's exhibits at trial, failing to object to Chief Building Official Molnar's testimony, and failing to competently elicit testimony from Appellant.

**{¶36}** To obtain a reversal of a conviction based on ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding.

*Strickland v. Washington*, 466 U.S. 668, 687–688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). A defendant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other. *Strickland* at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *State v. Madrigal*, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52 (2000).

**{¶37}** In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

**{¶38}** We note that any error will be deemed harmless if it did not affect the accused's "substantial rights." Before constitutional error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." *United States v. Chapman,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705(1967). Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. *State v. Conway,* 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶78, citing *Chapman; State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623(1976), paragraph three of the syllabus, vacated in part on other grounds, *Lytle v. Ohio,* 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154(1978). *See also*, *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶177.

**{¶39}** With regard to the failure to raise a constitutional challenge to the Ordinance, we find that this Court has previously considered same and found the enforcement section of Canton Codified Ord. 1351.03(L) is clear and unambiguous and

not unconstitutionally vague. *City of Canton v. Burns*, 5th Dist. No. 2015CA00163, 2016-Ohio-4885, 70 N.E.3d 138, ¶ 27. We therefore find counsel was not ineffective in failing to raise said challenge.

**{¶40}** We likewise find no ineffectiveness in counsel's failure to challenge the photographic evidence or the testimony of Chief Building Official.

**{¶41}** The admission or exclusion of relevant evidence rests in the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *Sage*, 31 Ohio St.3d 173.

**{¶42}** Here the photographs showed the condition of Appellant's property at the different times during the pendency of the case and supported the State's position that the violations had not been corrected. We find no error in failing to object to same.

**{¶43}** Appellant argues that counsel should have also objected to Mr. Molnar's testimony but fails to cite what testimony or opinions were in fact objectionable. Upon review, we find that Mr. Molnar's testimony was proper as a lay witness pursuant to Evid.R. 70. He testified as to his training and experience, that he reviewed the condition of Appellant's property and that he signed the criminal complaint in this matter. (T. at 125-129). He further testified that he is the custodian of records and that no administrative

appeal was filed. (T. at 132). Any opinions expressed by Mr. Molnar were not offered as an expert opinion.

**{¶44}** We further find that any failure to object to the photographs or the testimony of Mr. Molnar could have been trial strategy. Trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton* (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189.

**{¶45}** As to Appellant's testimony and his counsel's questioning of him, we cannot fault counsel for the answers given by Appellant.

**{¶46}** For the foregoing reasons, we do not find that counsel in this matter was inadequate or that he failed to employ a coherent trial strategy.

**{¶47}** We therefore find Appellant's third assignment of error not well-taken and overrule same.

**{¶48}** For the reasons stated in the foregoing opinion, Appellant's conviction entered in the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/d 1204