[Cite as *State v. Carlock*, 2021-Ohio-4550.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

KA'SAUN CARLOCK,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 JE 0017

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 18 CR 202

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Jane M. Hanlin*, Prosecutor and *Atty. Samuel A. Pate,* Assistant Prosecutor, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee and

*Atty. Timothy Hackett*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellant.

Dated:
December 23, 2021

**Donofrio, J.**

{¶1} Defendant-appellant, Ka'Saun Carlock, appeals from a Jefferson County Common Pleas Court judgment sentencing him to a mandatory sentence of life in prison with the possibility of parole after 15 years and a three-year firearm specification sentence. The sentence followed appellant's guilty plea to murder, aggravated robbery, and tampering with evidence committed when he was 15 years old.

{¶2} On August 18, 2018, appellant was involved in an armed robbery of Dylan Monroe, which resulted in Monroe's death. Appellant was charged in juvenile court with committing acts that would constitute murder, aggravated robbery, and tampering with evidence if he was an adult at the time of commission.

{¶3} The juvenile court held an amenability hearing on December 12, 2018. It determined that the matter would be transferred to the general division of the common pleas court for further proceedings.

{¶4} On December 17, 2018, a Jefferson County Grand Jury indicted appellant on one count of murder in violation of R.C. 2903.02(B) with an accompanying firearm specification; one count of aggravated robbery in violation of R.C. 2911.01(A)(1) with an accompanying firearm specification; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Appellant initially pleaded not guilty.

{¶5} Appellant and plaintiff-appellee, the State of Ohio, subsequently reached a plea agreement. Per the terms of the agreement, appellant entered a guilty plea to the indictment. Appellant and the state entered into an agreed recommendation of sentence, which the trial court imposed.

{¶6} Pursuant to the agreed recommendation of sentence, the trial court sentenced appellant to life in prison with parole eligibility after 15 years on the murder count, three mandatory years on the firearm specification, ten years on the aggravated robbery count, and 24 months on the tampering with evidence count. The court ordered the sentences to run concurrently with each other except for the sentence on the firearm specification, which it ordered appellant to serve consecutive to other sentences for a total sentence of life in prison with parole eligibility after 18 years.

**{¶7}** Appellant filed a timely notice of appeal on September 23, 2019. Due to numerous requests for extensions of time by both parties, the matter was not fully briefed until June 9, 2021. Appellant now raises a single assignment of error.

**{¶8}** Appellant's sole assignment of error states:

> PER *STATE V. PATRICK*, R.C. 2929.02(B) AND KA'SAUN CARLOCK'S RESULTING LIFE-TAIL SENTENCE ARE UNCONSTITUTIONAL BECAUSE THE IMPOSITION OF ANY LIFE IMPRISONMENT SENTENCE UPON A JUVENILE OFFENDER WITHOUT JUDICIAL CONSIDERATION OF YOUTH VIOLATES THE FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; AND ARTICLE I, SECTIONS 9, 10 AND 16 OF THE OHIO CONSTITUTION.

**{¶9}** Appellant argues that his life sentence is unconstitutional pursuant to the Ohio Supreme Court's decision in *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952. He contends that the trial court was required to, and failed to, articulate its consideration of his youth as a mitigating factor before imposing a life sentence even though the sentence contains a possibility of parole.

**{¶10}** Appellant goes on to assert that because R.C. 2929.02(B) does not allow for any individualized consideration of youth, its mandatory life-tail sentence is unconstitutional as applied to juveniles. He contends the Eighth Amendment now bars mandatory life-with-the-possibility-of-parole sentences for juvenile offenders because such sentences prevent the sentencing judge from accounting for youth and defining characteristics.

**{¶11}** Initially, we must note that appellant failed to object to his sentence upon constitutional grounds before the trial court. In fact, he agreed to the sentence as part of his plea deal with the state. (Tr. 5-6). Generally, the question of whether a statute is unconstitutional must be raised at the first opportunity which, in a criminal prosecution, means in the trial court. *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). On this basis, we can conclude that appellant has waived his argument on appeal.

**{¶12}** The waiver doctrine stated in *Awan* is discretionary, however, and an appellate court may review claims of defects affecting substantial rights for plain error, despite the appellant's failure to bring the claim to the trial court's attention. *State v. Fuell*, 12th Dist. Clermont No. CA2020-02-008, 2021-Ohio-1627, ¶ 70, citing *In re M.D.*, 38 Ohio St.3d 149, 151, 527 N.E.2d 286 (1988). Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Under this doctrine, we will examine appellant's claim for plain error.

**{¶13}** The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Ohio Constitution includes identical language.

**{¶14}** In support of his position, appellant first cites to *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). In *Miller*, the United State Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id*. at 465. In so holding, the Court observed that children are constitutionally different from adults for purposes of sentencing and since children have diminished culpability and greater prospects for reform, "they are less deserving of the most severe punishments." *Id*. at 471, quoting *Graham v. Florida*, 560 U.S. 48, 68, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).

**{¶15}** Appellant next cites to *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890. In *Long*, the Ohio Supreme Court, following *Miller*, held that "[a] court, in exercising its discretion under R.C. 2929.03(A), must separately consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life without parole." *Id*. at paragraph one of the syllabus. The Court further held that the record must reflect that the sentencing court specifically considered the juvenile offender's youth as a mitigating factor when imposing a prison term of life without parole. *Id*. at paragraph two of the syllabus.

**{¶16}** Finally, appellant cites to *Patrick*, 2020-Ohio-6803, where the Ohio Supreme Court expressly extended *Long* to juvenile life sentences with the possibility of parole. The Court held that, consistent with *Long*, "a trial court must separately consider

the youth of a juvenile offender as a mitigating factor before imposing a life sentence under R.C. 2929.03, even if that sentence includes eligibility for parole." *Id.* at ¶ 2. The Court reasoned in part: "The difference between a sentence of life in prison with parole eligibility after a term of years and a sentence of life without the possibility of parole is not material for purposes of an Eighth Amendment challenge by an offender who was a juvenile when he or she committed the offense." *Id.* at ¶ 33.

**{¶17}** The state argues that *Patrick* does not apply here. It contends that *Patrick* was solely focused on whether *Long*, supra, applied to an aggravated murder sentence when the sentence was something less than life without the possibility of parole. It asserts that *Patrick* was focused on R.C. 2929.03(A)(1) and the trial court's task of choosing among various life sentences.

**{¶18}** In support of its position, the state cites to *State v. Starling*, 2d Dist. Clark No. 2018-CA-34, 2019-Ohio-1478, appeal not allowed, 156 Ohio St.3d 1486, 2019-Ohio-3331, 129 N.E.3d 453. In that case, the Second District held that because the juvenile, who was sentenced to 15 years in prison with parole eligibility after 15 years, would be considered for parole after having served 15 years in prison, the rationale in *Miller*, supra, and *Long*, supra, did not apply. *Id.* at ¶ 67. The court further rejected the argument that mandatory sentences imposed on juveniles in adult court are invalid as a violation of the Eighth Amendment. *Id.* at ¶ 68.

**{¶19}** Recently, in *State v. Fuell*, 12th Dist. Clermont No. CA2020-02-008, 2021-Ohio-1627, appeal allowed, 164 Ohio St.3d 1419, 2021-Ohio-2923, 172 N.E.3d 1042, the Twelfth District addressed an identical situation as in the case at bar. In that case, Fuell was 17 years old at the time of his offense. His case was bound over from juvenile court to the common pleas court. Fuell eventually pleaded guilty to murder and the trial court sentenced him to life in prison with the possibility of parole after 15 years. On appeal, Fuell argued that R.C. 2929.02(B)(1)'s mandatory sentence of life imprisonment with the possibility of parole after 15 years constituted cruel and unusual punishment because a mandatory sentence does not allow a court to consider a juvenile defendant's youth. Like appellant in this case, Fuell did not raise this issue in the trial court. So the Twelfth District applied a plain error review.

**{¶20}**    The court first pointed out an important difference between *Long*, supra, and *Patrick*, supra, and Fuell's case. *Long* and *Patrick* analyzed R.C. 2929.03, because the defendants in those cases were convicted of aggravated murder. *Id.* at ¶ 68. Fuell was sentenced under a different statute, R.C. 2929.02, because he was convicted of murder, not aggravated murder. *Id.*

**{¶21}**    The court next found that it was not "plain," under a plain error analysis, that *Patrick* requires consideration of age when a trial court imposes R.C. 2929.02(B)(1)'s mandatory sentence of life in prison with parole eligibility after 15 years on a juvenile defendant convicted of murder. *Id.* at ¶ 72. The court noted that *Patrick* does contain some language that suggests that may be the case. *Id.* For example, the court pointed to *Patrick's* statement that " 'the severity of a sentence of life in prison on a juvenile offender, even if parole eligibility is part of the life sentence, is analogous to a sentence of life in prison without the possibility of parole for the purposes of the Eighth Amendment.' " *Id.* quoting *Patrick* at ¶ 36.

**{¶22}**    But the court went on to find that there are strong reasons to doubt that *Patrick* would extend to a murder sentence. First, it noted that *Patrick* solely considered R.C. 2929.03, but Fuell was sentenced pursuant R.C. 2929.02. *Id.* at ¶ 73. The court emphasized that *Patrick* did not involve the statute at issue, and, therefore *Patrick* was not necessarily controlling. *Id.* Next, the court found that a close reading of *Patrick* revealed that the Ohio Supreme Court was focused on the need to consider a juvenile defendant's youth when the sentencing court was presented with sentencing options that included the possibility of life imprisonment without the possibility of parole. *Id.* at ¶ 74. It noted that *Patrick* emphasized that R.C. 2929.03 included a range of options that included life without the possibility of parole. *Id.*, citing *Patrick* at ¶¶ 32-36. The court again noted that a sentence of life imprisonment without the possibility of parole was not an option available to the court in this case, where Fuell pleaded guilty to murder and the trial court was required to apply the mandatory sentence of life imprisonment with the possibility of parole after 15 years as provided in R.C. 2929.02(B)(1). *Id.*

**{¶23}**    Finally, the court pointed out that *Patrick* did not hold that the least of R.C. 2929.03's four possible sentences – that is, life imprisonment with the possibility of parole

after 20 years – was unconstitutional when applied to a juvenile. *Id.* at ¶ 75. The court went on to state:

> We are unaware of any decision by the Ohio Supreme Court or any other court holding that a life sentence with the possibility of parole after 15 years is unconstitutional when applied to a juvenile offender. The absence of any such decision is unsurprising, as a sentence of life in prison with the possibility of parole after 15 years provides a juvenile with a meaningful possibility of release. A juvenile defendant who commits murder and is sentenced at age 17 could be eligible for release from prison at age 32 – hardly the type of lifetime scenario that so concerned the Ohio Supreme Court in *Patrick*. *Id.* at ¶ 35, 39-41. If the Ohio Supreme Court in *Patrick* did not hold that a 20-to-life sentence is unconstitutional there is certainly an argument that a 15-to-life sentence cannot be unconstitutional.

*Id.* The court then concluded:

> There are plausible arguments as to why the reasoning applied in *Patrick* may or may not require a court to hold that R.C. 2929.02(B)(1)'s mandatory sentence is unconstitutional as applied to juveniles, including Fuell. The Ohio Supreme Court has not held that the mandatory sentence available under R.C. 2929.02(B)(1) is unconstitutional as applied to juveniles. In this situation we therefore do not find that the trial court committed "plain" error, and we decline to exercise our discretion to apply plain error analysis here, where Fuell failed to object to his sentence. [*State v.*] *Barnes*, 94 Ohio St. 3d [21] at 28, [2002-Ohio-68,] 759 N.E.2d 1240 ("[I]f a forfeited error is not plain, a reviewing court need not examine whether the defect affects a defendant's substantial rights; the lack of a 'plain' error within the meaning of Crim.R. 52(B) ends the inquiry and prevents recognition of the defect.").

*Id.* at ¶ 76.

{¶24} Appellant's case here is identical to that in *Fuell*. Like Fuell, appellant pleaded guilty to murder, not aggravated murder as in *Patrick*. Thus, this case involved

a different statute than the one the Court analyzed in *Patrick*. Importantly, life without the possibility of parole was not even a sentencing option in this case. Moreover, as in *Fuell*, appellant did not object to his sentence or raise an issue of its constitutionality in the trial court. In fact, he agreed to the sentence. And the Twelfth District articulated numerous well-justified reasons why this un-objected to argument did not rise to the level of plain error.

{¶25} Appellant does raise one argument that Fuell did not raise. He contends that the trial court here was required to, and failed to, articulate its consideration of his youth as a mitigating factor before imposing a life sentence.

{¶26} But the trial court did consider appellant's youth on the record at the sentencing hearing. In examining the R.C. 2929.12(C) statutory factors indicating that appellant's conduct was less serious than that normally constituting the offense, the trial court noted that appellant was 15 at the time of the offense. (Tr. 30). Then, when considering the recidivism factors under R.C. 2929.12(D)(E), the court again pointed that appellant was 15 years old at the time of the commission of the offense and 16 at the time of sentencing. (Tr. 30). The court stated that given appellant's "tender age," it was unknown what appellant would do in terms of recidivism. (Tr. 30). Thus, the court twice considered appellant's youth before sentencing him.

{¶27} Given the above reasoning, we follow the Twelfth District's decision in *Fuell* and conclude that the trial court did not commit plain error in sentencing appellant in accordance with R.C. 2929.02 to life in prison with parole eligibility after 15 years.

{¶28} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶29} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.
Robb, J., concurs.

Case No. 19 JE 0017

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**